# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VENDETTA NAGASK CECE-JACKOWIAK<br>AKA; DBA NOEL ALEXIS KAPETANAKOS<br>OF MEDICAL AUXILIARY NETWORK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KONSTANTINOS P. KAPETANAKOS,<br>GREGORY P. KAPETANAKOS, THE<br>CITY OF DES PLAINES, ILLINOIS,<br>JOSEPH SPELLONE (SPALLONE),<br>and CAROL DOUGHERTY,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 15 C 354<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

This Court has been favored (?) by the computerized assignment system in this federal District Court with a Complaint brought against a group of defendants by Vendetta Nagask Cece-Jackowiak ("Vendetta"[1]), also or formerly[2] known as Noel Alexis Kapetanakos, with the Complaint being accompanied by an inch-thick stack of exhibits and an In Forma Pauperis Application ("Application"), the latter document having been filled out on the form provided by the Clerk's Office. Some idea of the nature of the Complaint's text may be gleaned by its caption as crafted by Vendetta:

> PROPERTY RIGHTS COMPLAINT FOR VIOLATION TO POWERS &
> DUTIES FROM VIOLATIONS TO LAW ENFORCEMENT IN CONSPIRACY
> TO OBSTRUCT JUSTICE BY DEPRIVATION OF RIGHTS UNDER COLOR
> OF LAW BY SUPRESSING [sic] THE FREEDOM OF INFORMATION ACT

---

[1] Although "Vendetta" is a first name adopted by plaintiff for her own reasons, as she has every right to do, it appears to be a strikingly appropriate sobriquet in light of the substantive nature of the Complaint.

[2] Vendetta's filing does not make clear which of those alternatives applies.

TO COMMIT DEFAMATION AND COPYRIGHT INFRINGEMENT UPON THE PRO SE PLAINTIFF PURSUANT TO 18 U. S. CODE § 242, 30 ILCS 5/3-3-2, 410 ILCS 45/12.2, 17 U. S. Code § 1114 and 740 ILCS 145/.

As might perhaps be expected from that caption, the Complaint is a hopelessly convoluted and really impenetrable document that is totally at odds with the mandate of Fed. R. Civ. P. ("Rule") 8(a) that says that a complaint "must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." And it is not as though Vendetta is a stranger to the litigation process -- this Court's painstaking effort to sift through its thicket in the hope of teasing out some rationality has revealed references to a host of earlier actions in which Vendetta has been embroiled in lawsuits in various courts in Illinois and Iowa, including three in this District Court -- notably Kapetanakos v. Spellone, 11 C 8805, which generated a 31-page docket printout comprising no fewer than 247 docket entries.

Among other matters shrouded in mystery in the current action because of its hodgepodge nature, Vendetta's satisfaction of the threshold requirement of federal subject matter jurisdiction is not at all clear:

1. Vendetta's attempted invocation of 18 U.S.C. § 242 is of course a criminal statute, not actionable by a private plaintiff in a civil action.

2. As for Vendetta's next cited source of claimed federal jurisdiction, Title 17 of the United States Code treats with federal copyright law. Here Vendetta's Complaint does make some scattershot references to claimed copyright infringement, but the garbled nature of the Complaint's allegations contains no specific references that would qualify under the "plausibility" requirement of the Twombly-Iqbal canon for that purpose.

    More is needed to enable this Court to try to locate the federal-question copyright needle in the Complaint's figurative haystack.

  3.  Vendetta's citation to 15 U.S.C. § 1114, which provides for relief against trademark infringement, is the third and final putative source of federal subject matter jurisdiction. What has just been said as to claimed copyright infringement applies to claimed trademark infringement with equal force.

Although Haines v. Kerner, 404 U.S. 519 (1972) teaches that pro se pleadings are to be scrutinized through a more forgiving lens, here it is plain that Vendetta must go back to the drawing board.

  In sum, Vendetta is given until February 12, 2015 to cure the flaws referred to in this opinion by tendering a self-contained Amended Complaint to replace her original Complaint, which is stricken for the reasons already outlined here. If Vendetta fails to do so, this Court would be constrained to dismiss this action for lack of the required demonstration of federal subject matter jurisdiction.

            _____
            Milton I. Shadur
            Senior United States District Judge

Date: January 20, 2015