IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENDETTA NAGASK CECE-JACKOWIAK<br>AKA; DBA NOEL ALEXIS KAPETANAKOS<br>OF MEDICAL AUXILIARY NETWORK,<br><br>     Plaintiff,<br><br>  v.<br><br>KONSTANTINOS P. KAPETANAKOS,<br>GREGORY P. KAPETANAKOS, THE<br>CITY OF DES PLAINES, ILLINOIS,<br>JOSEPH SPELLONE (SPALLONE),<br>and CAROL DOUGHERTY,<br><br>     Defendants. | Case No. 15 C 354<br>Court of Appeals Case No. 15-1603 |

## MEMORANDUM ORDER[1]

Vendetta Nagask Cece-Jackowiak ("Vendetta"[2]) initially filed a pro se Complaint accompanied by an inch-thick stack of exhibits and an In Forma Pauperis Application ("Application"), with the latter document having been filled out on the form provided by the Clerk's Office. This Court promptly issued Order I (a copy of which is attached as Ex. 1 to this

---

[1] After this memorandum order had been dictated and transcribed and had then been edited for final revision and issuance, this Court received from the Clerk's Office copies of the Notice of Appeal and a bundle of related signed documents, all filed on March 18, that included a request for in forma pauperis treatment containing some information inconsistent with the Application referred to in the text. This memorandum order remains based on the representations originally contained in the Application.

[2] As this Court's January 20, 2015 memorandum order ("Order I") noted in its n.1:

> Although "Vendetta" is a first name adopted by plaintiff for her own reasons, as she has every right to do, it appears to be a strikingly appropriate sobriquet in light of the substantive nature of the Complaint.

This memorandum order also employs that usage.

memorandum order) that quoted the Complaint's caption as conveying some notion of the nature of its text:

> PROPERTY RIGHTS COMPLAINT FOR VIOLATION TO POWERS & DUTIES FROM VIOLATIONS TO LAW ENFORCEMENT IN CONSPIRACY TO OBSTRUCT JUSTICE BY DEPRIVATION OF RIGHTS UNDER COLOR OF LAW BY SUPRESSING [sic] THE FREEDOM OF INFORMATION ACT TO COMMIT DEFAMATION AND COPYRIGHT INFRINGEMENT UPON THE PRO SE PLAINTIFF PURSUANT TO 18 U. S. CODE § 242, 30 ILCS 5/3-3-2, 410 ILCS 45/12.2, 17 U. S. Code § 1114 and 740 ILCS 145/.

In any event Order I, having concluded that Vendetta's pleading rendered it more than difficult to ferret out a source of federal subject matter jurisdiction, gave her until February 12 to cure the several flaws identified in Order I "by tendering a self-contained Amended Complaint to replace her original Complaint, which is stricken for the reasons outlined here." Vendetta responded on February 11 (as this Court's February 18 memorandum order ("Order II") put it) by "tender[ing] a 2-1/2-inch-thick packet of documents comprising (1) an Amended Motion for Violation of Constitutional Rights (with the words 'Amended Motion' being inserted in handwritten form in the Clerk's-Office-supplied form of Complaint made available to pro se plaintiffs seeking to advance 42 U.S.C. § 1983 claims), coupled with (2) a much shorter 'Amended Property Rights Complaint' and (3) exhibit after exhibit that reproduce many documents from other sources, largely relating to other Vendetta lawsuits in several courts."[3]

Now Vendetta has filed a notice of appeal from that dismissal, accompanied by still another Application -- this time seeking to proceed on appeal without payment of the required filing fee. Vendetta's Application poses an interesting question as to her financial ability or

---

[3] Because Order II explains the reason for this Court's dismissal of the purported Amended Motion and the Amended Property Rights Complaint, Order II is attached as Ex. 2 to this memorandum order.

inability to bear the $505 in appellate filing fees: Although she reflects that during the last 12 months she has received nearly $3,500 worth of food stamps and another $15,500 in gifts, goods, services and cash from a source described as "parental promissory note," her assets include a single family residence with a stated value of $280,000, of which she reports $210,000 as her equity.

That being so, it would certainly seem possible for Vendetta to raise the $505 in filing fees through secondary financing. But in this Court's view it is unnecessary to resolve that financial question because -- as Orders I and II make plain -- both Vendetta's Complaint and her Amended Complaint fail, in subject matter jurisdictional terms, to state a federally viable action.

Accordingly this Court holds that Vendetta's Application in connection with her current appeal should be denied as legally frivolous (see, e.g., Denton v. Hernandez, 504 U.S. 25 (1992) and its numerous progeny). Vendetta may of course renew her request directly with the Court of Appeals.

                                                                              Milton I. Shadur
                                                                              Senior United States District Judge

Date: March 23, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENDETTA NAGASK CECE-JACKOWIAK<br>AKA; DBA NOEL ALEXIS KAPETANAKOS<br>OF MEDICAL AUXILIARY NETWORK,<br><br>        Plaintiff,<br><br>        v.<br><br>KONSTANTINOS P. KAPETANAKOS,<br>GREGORY P. KAPETANAKOS, THE<br>CITY OF DES PLAINES, ILLINOIS,<br>JOSEPH SPELLONE (SPALLONE),<br>and CAROL DOUGHERTY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 15 C 354<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

This Court has been favored (?) by the computerized assignment system in this federal District Court with a Complaint brought against a group of defendants by Vendetta Nagask Cece-Jackowiak ("Vendetta"[1]), also or formerly[2] known as Noel Alexis Kapetanakos, with the Complaint being accompanied by an inch-thick stack of exhibits and an In Forma Pauperis Application ("Application"), the latter document having been filled out on the form provided by the Clerk's Office. Some idea of the nature of the Complaint's text may be gleaned by its caption as crafted by Vendetta:

> PROPERTY RIGHTS COMPLAINT FOR VIOLATION TO POWERS &
> DUTIES FROM VIOLATIONS TO LAW ENFORCEMENT IN CONSPIRACY
> TO OBSTRUCT JUSTICE BY DEPRIVATION OF RIGHTS UNDER COLOR
> OF LAW BY SUPRESSING [sic] THE FREEDOM OF INFORMATION ACT

---

[1] Although "Vendetta" is a first name adopted by plaintiff for her own reasons, as she has every right to do, it appears to be a strikingly appropriate sobriquet in light of the substantive nature of the Complaint.

[2] Vendetta's filing does not make clear which of those alternatives applies.

TO COMMIT DEFAMATION AND COPYRIGHT INFRINGEMENT UPON THE PRO SE PLAINTIFF PURSUANT TO 18 U. S. CODE § 242, 30 ILCS 5/3-3-2, 410 ILCS 45/12.2, 17 U. S. Code § 1114 and 740 ILCS 145/.

As might perhaps be expected from that caption, the Complaint is a hopelessly convoluted and really impenetrable document that is totally at odds with the mandate of Fed. R. Civ. P. ("Rule") 8(a) that says that a complaint "must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." And it is not as though Vendetta is a stranger to the litigation process -- this Court's painstaking effort to sift through its thicket in the hope of teasing out some rationality has revealed references to a host of earlier actions in which Vendetta has been embroiled in lawsuits in various courts in Illinois and Iowa, including three in this District Court -- notably Kapetanakos v. Spellone, 11 C 8805, which generated a 31-page docket printout comprising no fewer than 247 docket entries.

Among other matters shrouded in mystery in the current action because of its hodgepodge nature, Vendetta's satisfaction of the threshold requirement of federal subject matter jurisdiction is not at all clear:

1. Vendetta's attempted invocation of 18 U.S.C. § 242 is of course a criminal statute, not actionable by a private plaintiff in a civil action.

2. As for Vendetta's next cited source of claimed federal jurisdiction, Title 17 of the United States Code treats with federal copyright law. Here Vendetta's Complaint does make some scattershot references to claimed copyright infringement, but the garbled nature of the Complaint's allegations contains no specific references that would qualify under the "plausibility" requirement of the Twombly-Iqbal canon for that purpose.

>     More is needed to enable this Court to try to locate the federal-question copyright needle in the Complaint's figurative haystack.
>
> 3.  Vendetta's citation to 15 U.S.C. § 1114, which provides for relief against trademark infringement, is the third and final putative source of federal subject matter jurisdiction. What has just been said as to claimed copyright infringement applies to claimed trademark infringement with equal force.

Although Haines v. Kerner, 404 U.S. 519 (1972) teaches that pro se pleadings are to be scrutinized through a more forgiving lens, here it is plain that Vendetta must go back to the drawing board.

In sum, Vendetta is given until February 12, 2015 to cure the flaws referred to in this opinion by tendering a self-contained Amended Complaint to replace her original Complaint, which is stricken for the reasons already outlined here. If Vendetta fails to do so, this Court would be constrained to dismiss this action for lack of the required demonstration of federal subject matter jurisdiction.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: January 20, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VENDETTA NAGASK CECE-JACKOWIAK ) <br> AKA; DBA NOEL ALEXIS KAPETANAKOS ) <br> OF MEDICAL AUXILIARY NETWORK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KONSTANTINOS P. KAPETANAKOS, ) <br> GREGORY P. KAPETANAKOS, THE ) <br> CITY OF DES PLAINES, ILLINOIS, ) <br> JOSEPH SPELLONE (SPALLONE), ) <br> and CAROL DOUGHERTY, ) <br> ) <br> Defendants. ) | Case No. 15 C 354 |

## MEMORANDUM ORDER

After this Court had made an extended effort to sort through the original Complaint in this action, which its ensuing January 20, 2015 memorandum order ("Order") described as "a hopelessly convoluted and really impenetrable document that is totally at odds with the mandate of Fed. R. Civ. P. ('Rule') 8(a) that says that a complaint 'must contain,' among other things, 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" the Order concluded by giving the plaintiff Vendetta Nagask Cece-Jackowiak ("Vendetta") until February 12 "to cure the flaws referred to in this opinion by tendering a self-contained Amended Complaint to replace her original Complaint, which is stricken for the reasons already outlined here." Vendetta is at least timely, for on February 11 she tendered a 2-1/2-inch-thick packet of documents comprising (1) an Amended Motion for Violation of Constitutional Rights (with the words "Amended Motion" being inserted in handwritten form in the Clerk's-Office-supplied form of Complaint made available to pro se plaintiffs seeking to advance 42 U.S.C. § 1983

Ex. 2

claims), coupled with (2) a much shorter "Amended Property Rights Complaint" and (3) exhibit after exhibit that reproduce many documents from other sources, largely relating to other Vendetta lawsuits in several courts.

To borrow the felicitous turn of phrase from the per curiam opinion in <u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir. 1991):

> Judges are not like pigs, hunting for truffles. . . .

This Court has nonetheless engaged in a valiant attempt to repeat, as to Vendetta's massive (and largely irrelevant) current filing, what Order at 2 described as its earlier "painstaking effort to sift through its thicket in the hope of teasing out some rationality," but it has done so without success. In sum, despite the extensive experience that Vendetta should have derived from her numerous earlier lawsuits in various forums, she has again managed in this case not to demonstrate the existence of federal subject matter jurisdiction in an understandable way. Hence both the purported Amended Motion and the Amended Property Rights Complaint, as well as this action itself, are dismissed without prejudice.[1] Moreover, enough is enough -- if Vendetta were to try again with anything resembling what has gone before, this Court would anticipate exercising its prerogative under 28 U.S.C. § 294(b) to recuse itself from this action.

                                            *[signature: William D. Shadur]*

                                            Milton I. Shadur
                                            Senior United States District Judge

Date: February 18, 2015

---

[1] This dismissal carries with it the denial of Vendetta's currently filed collateral motions -- her In Forma Pauperis Application and her Motion for Attorney Representation -- on mootness grounds.